

JAN 2 0 2015

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MONICA L. BALL, )
)
      Plaintiff, )
)
v. )    Civil Action No. 3:14-cv-839-HEH
)
UNITED STATES OF AMERICA, )
)
      Defendant. )

## MEMORANDUM OPINION
### (Granting Defendant's Motion to Dismiss for Lack of Jurisdiction)

This is an action through which Plaintiff Monica L. Ball ("Plaintiff"), proceeding *pro se*, seeks the return of certain personal property or its money equivalent.[1] On November 20, 2014, Plaintiff filed a Warrant in Detinue in the General District Court for the City of Richmond, Virginia, naming Jeffrey Becker, an individual who serves as the District Manager for the Richmond District of the United States Postal Service, as the defendant. (Warrant in Detinue, Notice of Removal Ex. 1, Dec. 17, 2014, ECF No. 1.) The United States removed the matter to this Court under 28 U.S.C. § 1346(b), and noticed its substitution as the proper party-defendant on December 17, 2014. (Notice of Removal, ECF No. 1; Notice of Substitution, ECF No. 2.) By separate Order, entered this date, this Court substituted the United States of America as the proper party-defendant, pursuant to 28 U.S.C. § 2679(d)(2), and dismissed Jeffrey Becker, as he was

---

[1] Plaintiff specifies the articles of personal property of which she seeks the return on the Warrant in Detinue filed in the state court. (Warrant in Detinue, Notice of Removal Ex. 1, Dec. 17, 2014, ECF No. 1.) She values such property at $1,625.00, and also seeks $58.00 in costs. (*Id.*)

acting within the scope of his federal employment with respect to the conduct which forms the basis of Plaintiff's Warrant in Detinue.

This case is presently before the Court on a Motion to Dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, filed by the United States of America on December 18, 2014 (ECF No. 3). The United States served an appropriate Roseboro Notice with its Motion to Dismiss (Roseboro Notice to Pl., Dec. 18, 2014, ECF No. 5), as required by Local Civil Rule 7(k) and *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). As of the date of this Memorandum Opinion, Plaintiff has failed to file a response, has not requested additional time in which to do so, and has not otherwise indicated any interest in opposing the Motion to Dismiss. This Court, nevertheless, is obligated to ensure that dismissal is proper even when a motion to dismiss is unopposed. *See Stevenson v. City of Seat Pleasant, Md.*, 743 F.3d 411, 416 n.3 (4th Cir. 2014).

A motion made pursuant to Fed. R. Civ. P. 12(b)(1) challenges the court's jurisdiction over the subject-matter of the complaint. Where such a motion challenges the existence of the Court's subject-matter jurisdiction—as the United States does here— the Court may look beyond the jurisdictional allegations of the complaint—or in this case, the Warrant in Detinue—and view whatever evidence has been submitted to determine whether, in fact, subject-matter jurisdiction exists. *See Virginia v. United States*, 926 F. Supp. 537, 540 (E.D. Va. 1995); *see also Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009); *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009). The plaintiff bears the burden to establish and preserve jurisdiction in a Federal Tort Claims Act ("FTCA") case. *Kerns*, 585 F.3d at 194; *see also Richmond,*

2

*Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

The United States argues that this Court lacks subject-matter jurisdiction and dismissal of Plaintiff's suit is appropriate because (1) the state court lacked subject-matter jurisdiction so this Court acquired none following removal, and (2) Plaintiff failed to comply with the administrative prerequisites required prior to filing suit under the FTCA.

Actions sounding in tort against the United States, such as Plaintiff's Warrant in Detinue, must be brought pursuant to the FTCA. 28 U.S.C. § 1346(b); 28 U.S.C. §§ 2671, *et seq.*; *see also Hicks v. United States*, 2010 U.S. Dist. LEXIS 78293 (E.D. Va. Aug. 3, 2010) (construing Warrant in Detinue against FBI agent as action sounding in tort for which exclusive remedy is suit against United States under FTCA). As applicable here, 28 U.S.C. § 1346(b) provides that "the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, . . . [or] for injury or loss of property." 28 U.S.C. § 1346(b)(1). Thus, federal district courts have exclusive jurisdiction over FTCA claims; and therefore, such claims cannot originate in the state courts. Moreover, "[t]he jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction. If the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction." *Bullock v. Napolitano*, 666 F.3d 281, 286 (4th Cir. 2012) (quoting *Lambert Run Coal Co. v. Baltimore & Ohio R.R.*, 258 U.S. 377, 382 (1922)).

appropriate, as this Court lacks subject-matter jurisdiction over Plaintiff's claim because it appears Plaintiff has not submitted an administrative claim to the United States Postal Service prior to filing suit—a jurisdictional prerequisite to an FTCA suit.

In sum, the Court finds that it never acquired subject-matter jurisdiction over Plaintiff's claim following removal from state court under the doctrine of derivative jurisdiction, and even if Plaintiff had originally filed suit in this Court, subject-matter would still be lacking as it appears Plaintiff has failed to submit an administrative claim with the United States Postal Service, as required prior to filing suit. Accordingly, the Motion to Dismiss filed by Defendant United States of America will be granted.

An appropriate Order will accompany this Memorandum Opinion.

                                            /s/
                                     Henry E. Hudson
                                     United States District Judge

Date: Jan 20, 2015
Richmond, Virginia

Plaintiff originally filed this matter in state court, and the United States subsequently removed her case to this Court. Because Plaintiff's claim falls within the purview of the FTCA, the state court—the General District Court for the City of Richmond, Virginia—lacked subject-matter jurisdiction over Plaintiff's claim. Consequently, when the case was removed, under the doctrine of derivative jurisdiction, this Court acquired no jurisdiction. Lacking subject-matter jurisdiction, dismissal is appropriate under Rule 12(b)(1).

Even if Plaintiff's claim had originated in this Court, dismissal under Rule 12(b)(1), nevertheless, would remain appropriate, as Plaintiff failed to comply with the administrative prerequisites to filing suit under the FTCA. Because the FTCA is a limited waiver of the sovereign immunity of the United States, plaintiffs like Monica L. Ball must file their claims in careful compliance with the terms of the FTCA. *Kokotis v. United States Postal Serv.*, 223 F.3d 275, 278 (4th Cir. 2000). A prerequisite to filing suit under the FTCA involves the presentation of an administrative claim to the appropriate federal agency within two (2) years of the incident. *Id.*; *see also* 28 U.S.C. § 2401(b); 28 U.S.C. § 2675(a). "Moreover, 'the requirement of filing an administrative claim is jurisdictional and may not be waived.'" *Kokotis*, 223 F.3d at 278 (quoting *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir. 1986)).

Plaintiff has not alleged that she filed an administrative claim with the appropriate federal agency, which, in this case, is United States Postal Service. Furthermore, the United States submitted an affidavit as evidence that Plaintiff failed to file the required administrative claim. Accordingly, dismissal under Rule 12(b)(1) would also be

4